IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RONNIE LEE MC DANIEL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNIVERSITY OF UTAH, SECRET SERVICE OF UTAH, FEDERAL BUREAU OF INVESTIGATION, SALT LAKE CITY PUBLIC LIBRARY,<br><br>　　　　Defendants. | Case No. 2:07-CV-972-TS<br><br><br><br>**REPORT AND RECOMMENDATION** |

　　Before the court is a complaint filed by *pro se* Plaintiff, Ronnie Lee McDaniel.  Plaintiff's complaint was filed on December 14, 2007 (Docket Entry #3), the same day Plaintiff's motion to proceed *in forma pauperis* was granted (Docket Entries #1, 2). United States District Judge Ted Stewart, to whom the case was assigned, referred the case to United States Magistrate Judge Samuel Alba on January 28, 2008, pursuant to 28 U.S.C. § 636(b)(1)(B).  (Docket Entries #3, 4.)

　　Plaintiff has failed to comply with the court's order to file an amended complaint.  In addition, Plaintiff's complaint fails to state a claim on which relief may be granted.  As a

result, the court recommends that Plaintiff's complaint be dismissed.

## ANALYSIS

The court relies on Rule 41(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915(e)(2)(B) in recommending that Plaintiff's complaint be dismissed.

First, Rule 41(b) allows the court to dismiss a plaintiff's complaint for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b); *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe*, 492 F.3d 1158, 1161, 1161 n.2 (10th Cir. 2007). On February 5, 2008, the court ordered Plaintiff to file an amended complaint. (Docket Entry #5.) Contrary to that order, Plaintiff has not filed an amended complaint. In fact, since that order was issued, Plaintiff has not filed any pleading in this case. As a result, Plaintiff has failed to comply with this court's order and, on that basis, the court may dismiss Plaintiff's complaint.

Second, 28 U.S.C. § 1915(e)(2)(B) directs that, in cases in which the Plaintiff is proceeding *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that - . . . (B) the action or appeal . . . (ii) fails to state a claim on which relief may be granted . . . ." Because Plaintiff is proceeding *in forma pauperis*, Section 1915(e)(2)(B) applies to this case.

The court notes, as it did in its February 5, 2008 order, that Plaintiff is proceeding *pro se*.  As a result, the court construes his pleadings liberally and holds his pleadings to a less stringent standard than formal pleadings drafted by lawyers. *See Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). However, a broad reading of his complaint does not relieve Plaintiff of the burden of alleging sufficient facts on which a recognized legal claim can be based.  *See id.*  "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The court notes that it is not its proper function to assume the role of advocate for Plaintiff or any other *pro se* litigant.  *See id.*  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

In its February 5, 2008 order, the court warned Plaintiff that it had reviewed Plaintiff's complaint and concluded that it fails to state a claim upon which relief may be granted.  The court explained that Plaintiff's complaint consists of conclusory allegations without supporting factual averments, and that such statements are insufficient to state a claim on which relief can be based.  For example, Plaintiff's first stated cause of action in his complaint is "Rights to privacy."  The supporting facts

Plaintiff gives are: "All said organizations illegally violated my rights to privacy under false pretenses and illegal means under the letter of the law." (Docket Entry #3, at 4.) Such a statement does not provide the court with sufficient information to conclude that Plaintiff has set forth a federal claim. Plaintiff's second cause of action is "Life endangerment," with the supporting facts being the "same as count 1." (Docket Entry #3, at 4.) Plaintiff's last cause of action is "Illegal use of authority," referring again to count 1's supporting facts, quoted above, as the supporting facts for the third cause of action. (Docket Entry #3, at 5.) As with the first cause of action, the statements Plaintiff provides in setting forth his second and third causes of action simply are not sufficient to set forth a federal claim on which relief may be granted. These statements are simply too vague and conclusory. Thus, because Plaintiff's complaint fails to set forth a federal claim upon which relief may be granted, it must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## RECOMMENDATION

Based on the above analysis, **IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED**.

Copies of the foregoing report and recommendation are being mailed to the parties who are hereby notified of their right to object to the same. The parties are further notified that they must file any objections to the report and recommendation, with

the clerk of the district court, pursuant to 28 U.S.C. § 636(b), within ten (10) days after receiving it.  Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

DATED this 13th day of March, 2008.

BY THE COURT:

_____
SAMUEL ALBA
United States Chief Magistrate Judge